Maria Isabel VITELA–DE VILLA-NUEVA, aka Maria Vitela De Damian, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 10–73905.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2015.*

Filed July 21, 2015.

Judith Seeds Miller, Law Office of David Neumeister, Bakersfield, CA, for Petitioner.

Nehal Kamani, Oil, Erica Miles, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: REINHARDT, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM **

Maria Vitela-de Villanueva ("Vitela") petitions this court for review of the Board of Immigration Appeals' ("BIA") order affirming her removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and her ineligibility for cancellation of removal under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

Vitela pled guilty to possession of a controlled substance under Cal. Health & Safety Code § 11377(a). She subsequently failed to comply with the terms of her grant of deferred entry of judgment under Cal.Penal Code § 1000 et seq., and the trial court "render[ed] a finding of guilt" against her in accordance with the earlier plea. Because of her failure to abide by the terms of the deferred judgment program, Vitela would have been ineligible for relief under the Federal First Offender Act had she been prosecuted in federal court. *See* 18 U.S.C. § 3607(a). Accordingly, the subsequent expungement of her conviction did not eliminate its immigration consequences. *See Estrada v. Holder,* 560 F.3d 1039, 1042 (9th Cir.2009). The BIA thus did not err in concluding that Vitela was ineligible for cancellation of removal under § 1229b(b)(1) for having been convicted of a crime "relating to a controlled substance." 8 U.S.C. § 1182(a)(2)(A)(i)(II).

The petition for review is **DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.